Gerald R. Kane, Esq. Village Attorney, Nyack
You have asked whether a village may enact a local law authorizing the board of trustees to provide that the village clerk, deputy clerk, treasurer and deputy treasurer need not be residents of the village but must be residents of the county in which the village is located or in an abutting or adjacent county.
The Village Law has established residence in the village as a qualification for holding a village office, except as may otherwise be provided by law (Village Law, § 3-300[2]). The board of trustees may provide that any appointed village officer may reside within a county in which the village is wholly or partially situated (ibid.). Additionally, the Public Officers Law provides qualifications for holding public offices, which include, in the case of local officers, residence within the "political subdivision or municipal corporation of the state for which he shall be chosen, or within which the electors electing him reside, or within which his official functions are required to be exercised", at the time the person is chosen and throughout his term of office (Public Officers Law, §§ 3[1] and 30[1][d]). The Legislature, by special act, has authorized the village board of the Village of Russell Gardens to adopt a resolution providing that the village clerk and deputy clerk need not be residents of the village but must be residents of New York State and has authorized the Village of New Paltz to enact a resolution providing that the village clerk-treasurer and deputy clerk-treasurer need not be residents of the village but must be residents of New York State (Village Law, § 3-300[7] and [8]).
Local governments are authorized to adopt and amend local laws consistent with the Constitution and general law in relation to the qualifications of their officers and employees except to the extent that the Legislature has restricted this power (Municipal Home Rule Law, §10[1][ii][a][l]). Residency requirements are "qualifications" within the meaning of this provision (1977 Op Atty Gen [Inf] 148). A "general law" is a State statute which in terms and effect applies alike to all counties, all counties other than those wholly included in a city, all cities, all towns or all villages (id., § 2[5]). The special residency requirements established for the offices of village clerk and deputy clerk and clerk-treasurer and deputy clerk-treasurer in the above-mentioned villages have rendered section 3-300(2) of the Village Law and sections 3(1) and 30(1)(d) of the Public Officers Law, in their coverage of these offices, special (Municipal Home Rule Law, §2[12]), rather than general laws. That is, in establishing residency requirements for the office of clerk, deputy clerk, treasurer and deputy treasurer, section 3-300(2) of the Village Law and sections 3(1) and 30(1)(d) of the Public Officers Law do not in terms and effect apply alike to all villages of the State. The Legislature has not restricted the adoption of local laws relating to residency requirements for the offices in question (compare, Public Officers Law, § 3[2-b]). Therefore, any other village by local law may provide different residency requirements for these offices than those found in the Village Law and in the Public Officers Law.
We conclude that a village may enact a local law authorizing the board of trustees to provide that the village clerk, deputy clerk, village treasurer and deputy treasurer need not be residents of the village but must be residents of the county in which the village is located or in an abutting or adjacent county.